UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cr-00180-JPH-KMB |
| | ) | |
| MICHAEL JACKSON, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT**

Defendant Michael Jackson is charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  Mr. Jackson has filed a motion to dismiss the indictment, arguing that § 922(g)(1) violates the Second Amendment both on its face and as applied to him.  Dkt. [29].  For the reasons below, that motion is **DENIED**.

## I.
## Facts and Background

When evaluating a motion to dismiss an indictment, the Court assumes that the indictment's factual allegations are true and "view[s] all facts in the light most favorable to the government on a motion to dismiss."  *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999).

Mr. Jackson was indicted on one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  Dkt. 5.  That charge alleges that Mr. Jackson has five prior felony convictions, including

1

conspiracy to possess cocaine with intent to distribute in 2022,[1] identity deception in 2006, carrying a handgun without a license in 2004 and 2005, and theft in 2003.  *Id.* at 1–2.

Mr. Jackson has filed a motion to dismiss the Indictment.  Dkt. 29.

## II.
## Motion to Dismiss Standard

Under Federal Rule of Criminal Procedure 12, a defendant may challenge the sufficiency of an indictment "without a trial on the merits" by arguing that the indictment fails to state an offense.  Fed. R. Crim. P. 12(b)(1), (b)(3)(B)(v). On a motion to dismiss, "[a]n indictment is reviewed on its face, regardless of the strength or weakness of the government's case."  *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010).  "One basis for a Rule 12(b)(3)(B) motion to dismiss is that the charged offense is based on an unconstitutional statute." *United States v. Polk*, No. 1:23-cr-00166-JMS-TAB, 2024 WL 4216039, at *1 (S.D. Ind. Sept. 17, 2024).

## III.
## Analysis

### A. Facial challenge to § 922(g)(1)

The statute prohibiting possession of a firearm by a convicted felon provides, in relevant part:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or

---

[1] This conviction first occurred in 2010, *see* dkt. 30 at 30, then Mr. Jackson was resentenced in July 2022.  *See* No. 1:05-cr-00082-JPH-TAB, dkt. 341 (S.D. Ind. July 8, 2022) (amended judgment).

> possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). Mr. Jackson argues that this provision is facially unconstitutional because there is no tradition in this country "of restricting people with felonies from possessing firearms," even people "feared to be dangerous." Dkt. 30 at 2. He contends that the government cannot point to a sufficiently similar historical analogue that suggests felons could be permanently disarmed like they are under § 922(g)(1). *Id.* at 12, 24. The government responds that § 922(g)(1) is constitutional on its face because disarming "dangerous" individuals—like felons—is consistent with the country's history of firearms regulations. Dkt. 31 at 5–10.

The Seventh Circuit has squarely foreclosed Mr. Jackson's facial challenge. *See United States v. Prince*, 171 F.4th 1009, 1011 (7th Cir. 2026) ("[T]he one thing on which all courts of appeals that have addressed the question after [*New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)] agree is that § 922(g)(1) is valid in many applications and cannot be declared unconstitutional 'on its face.'"); *Karwacki v. Kaul*, 171 F.4th 1006, 1008 (7th Cir. 2026). Given this binding precedent, Mr. Jackson's facial challenge to § 922(g)(1) must fail.

### B. As-applied challenge to § 922(g)(1)

Mr. Jackson also argues that § 922(g)(1) is unconstitutional as applied to him because the government "cannot show a historical tradition of disarming . . . those convicted of less serious or non-violent crimes." Dkt. 30 at 29–30

3

("[T]here is little evidence that *any* categories of people were *permanently* disarmed at the founding, let alone someone like Jackson."). The government argues, however, that an "undeniable throughline runs through our history: Founding-era governments took guns away from those perceived to be dangerous." Dkt. 31 at 11, 18–19 (citing laws disarming "those of unsound mind, vagrants, and intoxicated persons").

Seventh Circuit precedent again forecloses Mr. Jackson's challenge. *See United States v. Watson*, 171 F.4th 1012, 1023–24 (7th Cir. 2026) ("Exercising its authority like state legislatures at the Founding, Congress reasonably determined that a felony drug conviction is a dangerous crime. That link makes common sense. Federal caselaw well substantiates that drugs and guns together are dangerous. . . . Watson's predicate felony drug dealing conviction is sufficient to lawfully disarm him."); *Karwacki*, 171 F.4th at 1008–09 ("The relation between drug distribution and firearm-related violence is too well established to call for elaboration."). *Watson* and *Karwacki* thus compel the conclusion that Mr. Jackson's "predicate felony drug dealing conviction is sufficient to lawfully disarm him." 171 F.4th at 1024.

## IV.
## Conclusion

Mr. Jackson's motion to dismiss his indictment is **DENIED**. Dkt. [29].

**SO ORDERED.**

Date: 5/4/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

All electronically registered counsel